**James Andrew GREYSON, Petitioner-Appellant,**

v.

**COMMONWEALTH OF KENTUCKY and David L. Davis, Warden, Kentucky State Reformatory, Respondents-Appellees.**

No. 15825.

United States Court of Appeals
Sixth Circuit.

June 24, 1964.

Frank G. Davis (Court Appointed), Cincinnati, Ohio, James A. Greyson, in pro. per., on brief, for appellant.

George F. Rabe, Frankfort, Ky., Robert Matthews, Atty. Gen., Ray Corns, Asst. Atty. Gen., Frankfort, Ky., on brief, for appellees.

Before CECIL, O'SULLIVAN and PHILLIPS, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the United States District Court for the Western District of Kentucky denying the appellant's petition for a writ of habeas corpus.

Greyson was convicted of robbery, under KRS 433.130, in the Circuit Court of Fayette County, Kentucky, and on April 12, 1961, was sentenced to eight years in the penitentiary. The conviction was affirmed in the Kentucky Court of Appeals. Grayson v. Commonwealth,

Ky., 354 S.W.2d 761. It was claimed on behalf of the appellant on the appeal that he blacked out and that if he committed a robbery he was unaware of it. The error assigned was that the trial judge refused to instruct the jury on the law of this defense. The Court of Appeals declined to pass on the question because it was not raised on motion for a new trial. Pending the appeal the appellant filed a motion in the trial court to vacate his sentence. This motion was denied.

In September, 1962, Greyson petitioned the Oldham Circuit Court for a writ of habeas corpus. This petition was denied and in December, 1962, the Kentucky Court of Appeals affirmed the judgment in an unreported opinion. Certiorari was denied by the Supreme Court on October 14, 1963, 375 U.S. 836, 84 S.Ct. 80, 11 L.Ed.2d 66.

The appellant claims in his petition in the District Court that his fundamental rights, as set out in Section One of the Fourteenth Amendment to the Constitution of the United States, were violated by the Circuit Court of Fayette County. He says that further imprisonment "is fundamentally unfair, and contrary to the standards of Justice prescribed in like cases by the 'due process', 'orderly concept of liberty' and 'equal protection clause' of Section 1, 14th Amendment to the United States Constitution." Specifically, the appellant claims that he was denied the effective assistance of counsel; that he had a head injury ten days before his arrest and that by reason of his suffering therefrom he was given pain-killing drugs and tranquilizers for nine months prior to the trial; that he was temporarily insane at the time the offense was committed and therefore could not form a criminal intent; and,

that medical testimony to substantiate such temporary insanity was excluded.

District Judge Shelbourne examined the record of the trial and wrote a very comprehensive opinion denying relief to the appellant. We, too, have examined the record and we agree with the findings and conclusions of Judge Shelbourne. There was adequate medical testimony, including the appellant's own physician and two psychiatrists from Eastern State Hospital. All of the doctors testified that the appellant was sane and none of them credited his story of a "blackout." Whether the appellant had a criminal intent was a question of fact for the jury. The trial judge submitted this issue to the jury under proper instructions.

As the district judge said: "Regardless of the number of times Greyson's case might be tried, apparently there could never be any proof of the 'blackout', except his uncorroborated and improbable story which on its face does not carry the semblance of verity which requires its submission to a jury. Such is the reasoning supporting the rule that where a claim of insanity at the time of the trial had been raised, either formally or informally, and determined adversely to the accused, his only recourse is a direct appeal from the judgment of that court."

Finally, we find no merit to the appellant's claim that he was not adequately represented by counsel.

Although the appellant may still not have exhausted his state remedies (Rule 11.42 of the Kentucky Rules of Criminal Procedure), we take the view that on the merits of the case he is not entitled to relief.

Judgment of the District Court is affirmed.