UNITED STATES of America, Plaintiff-Appellee,

v.

Thiery M. BUEGE, Defendant-Appellant.

No. 77–2298.

United States Court of Appeals, Seventh Circuit.

Argued June 5, 1978.

Decided June 20, 1978.

---

John D. Murray, Milwaukee, Wis., for defendant-appellant.

Lawrence O. Anderson, Asst. U.S. Atty., Milwaukee, Wis., for plaintiff-appellee.

Before SWYGERT, CUMMINGS, and PELL, Circuit Judges.

SWYGERT, Circuit Judge.

Defendant-appellant Thiery M. Buege was found guilty in a jury trial of violating 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 by unlawfully possessing with intent to distribute ten ounces of cocaine for which she received an eighteen-month sentence. Defendant appeals from both the judgment of conviction and the sentence.

## I

During his closing argument the assistant United States attorney characterized portions of the testimony given by Drug Enforcement Agent Charles F. Lee as uncontradicted. Defense counsel objected and moved for a mistrial. The trial judge denied the motion ruling that the prosecutor's comments were not error or, at most, harmless. On appeal the defendant asserts that the prosecutor's repeated use of the phrase "uncontradicted testimony" during closing argument constituted prejudicial error because it infringed upon her Fifth Amendment right against self-incrimination.

Direct reference by a prosecutor to a defendant's election not to testify at trial is clearly proscribed. *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). Indirect comments such as the prosecutor's references in this case to "uncontradicted testimony" constitute error when the statements are "manifestly intended to be or [are] of such a character that the jury [will] naturally and necessarily take [them] to be comment on the defendant's failure to testify." *United States v. Lyon*, 397 F.2d 505, 509 (7th Cir.), *cert. denied*, 393 U.S. 846, 89 S.Ct. 131, 21 L.Ed.2d 117 (1968). This court has previously held that when a prosecutor refers to testimony as uncontradicted where the defendant has elected not to testify and when he is the only person able to dispute the testimony, such reference necessarily focuses the jury's attention on the defendant's failure to testify and constitutes error. *United States v. Handman*, 447 F.2d 853, 855 (7th Cir. 1971). *See United States v. Poole*, 379 F.2d 645, 649 (7th Cir. 1967).

The Government maintains that the description of agent Lee's testimony as uncontradicted was not error because persons other than the defendant could have disputed the testimony and were available as witnesses. One portion of such testimony referred to a telephone conversation between Lee and the defendant. During this conversation the defendant stated that she had a source of cocaine. While neither party

disputes that the defendant's husband answered the telephone, the record does not establish that he listened to the defendant's conversation. Even if the husband had remained throughout the conversation, it is questionable whether he could have disputed Lee's testimony after hearing only the defendant's responses. We find, therefore, that the prosecutor committed error by repeatedly depicting testimony as uncontradicted where it was highly unlikely that at least a portion of the testimony could have been contradicted by anyone other than the defendant.[1]

## II

During the final jury instructions, the trial judge explained to the jury that the law does not compel the defendant to testify and told the jury not to draw an inference of guilt because of defendant's failure to take the witness stand. No such admonition was given, however, at the time defense counsel objected to the prosecutor's comments during closing argument. The defendant asserts that because prompt curative instructions were not given, she was irreparably prejudiced by the prosecutor's remarks.

We agree that the final jury instructions are ordinarily not sufficient to cure error caused by a prosecutor's reference to a defendant's election not to testify. Instead, such comments should be corrected immediately at the time of a defendant's objection by a special instruction. *See, e. g., United States v. Handman*, 447 F.2d 853, 855 (7th Cir. 1971). We are not willing at this time, however, to adopt a *per se* rever-

sal rule that when prosecutorial error of this kind is not immediately corrected by admonition to the jury, a new trial is necessary.[2] Instead, such error falls within the purview of *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), requiring a determination of its probable effect on the jury in combination with all the evidence presented. When sufficient evidence exists so that the trial judge can declare beyond a reasonable doubt that the error was harmless, such error does not require reversal. *United States v. Sigal*, 572 F.2d 1320, 1323 (9th Cir. 1978).

Here the record contains testimony by federal agents Lee, Stacy, and Hehr regarding their contacts with the defendant from June 20, 1977 to the culmination in defendant's arrest on June 23. Lee and Stacy testified to their meetings with the defendant at which times the quantity and price of the cocaine were negotiated. Hehr testified to his observation of the defendant's activities throughout the three-day period. The defendant accompanied Lee and Stacy to a motel where the arrest was made, and at the time of the arrest, cocaine was found in a purse owned by the defendant. This testimony presents sufficient evidence to support the trial judge's determination that the error committed by the prosecutor was harmless beyond a reasonable doubt.

We recognize, however, the difficult problems such indirect references by a prosecutor to a defendant's failure to testify cause defense counsel. The amount of prejudice resulting from such prosecutorial error is difficult to measure. We therefore caution federal prosecutors in this circuit

---

1. During closing arguments the prosecutor also portrayed as uncontradicted Lee's testimony concerning the quantity of cocaine possessed by the defendant. The Government contends that since the defendant's husband was present in the motel room during the meeting between Lee and defendant, defense counsel could have called him to dispute this portion of Lee's testimony. Even if defendant's husband could have been called as a defense witness, this and other uses of the word "uncontradicted" were improper because they could have affected the jury by accentuating the defendant's failure to dispute that portion of the testimony concern-

ing the telephone conversation. As we said in *United States v. Poole*, 379 F.2d 645, 649 (7th Cir. 1967):

> Even though this referred to an item of testimony which could have been contradicted by one of the two witnesses, it could have called attention to Poole's failure to testify on any issue—and thus to his failure to contradict much of the testimony which could not have been contradicted by anyone but him.

2. The First Circuit adopted such a *per se* rule in *United States v. Flannery*, 451 F.2d 880 (1st Cir. 1971).

that continued use of indirect references of this kind may cause us to follow the First Circuit and establish a *per se* rule. It appears that what we said on a previous occasion has not been taken seriously.

> [W]hen a defendant has not testified a prosecutor risks reversal by arguing that evidence is undisputed when the evidence was of a kind that could have been disputed by the defendant if he had chosen to testify. While there may be cases in which such an argument can be defended, . . . it will usually be rash for the prosecutor to predict that his is such a case.

*United States v. Fearns*, 501 F.2d 486, 490 (7th Cir. 1974).

### III

■ The defendant also contends that the trial judge abused his discretion by imposing a sentence of eighteen-months imprisonment. It is established that trial judges have wide discretion in determining an appropriate sentence within the perimeters delineated by the relevant federal statute. Upon appellate review a sentence will not be disturbed "except on a plain showing of gross abuse." *United States v. Willard*, 445 F.2d 814, 816 (7th Cir. 1971). The defendant's sentence was within the statutory limits for violation of 21 U.S.C. § 841(a)(1). We hold that the trial judge did not abuse his discretion in sentencing the defendant.

The judgment of the district court is affirmed.