**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Kelvin HASTINGS, Gable Gibson, Napoleon Stewart, Gregory Lamont Williams, and Kevin Wendell Anderson, Defendants-Appellants.**

**Nos. 80–1224, 80–1225, 80–1246, 80–1247 and 80–1398.**

United States Court of Appeals, Seventh Circuit.

Argued Jan. 8, 1981.

Decided Sept. 22, 1981.

Rehearing Denied Nov. 20, 1981.

Marsha L. Johnson, Asst. U. S. Atty., James R. Burgess, Jr., U. S. Atty., East St. Louis, Ill., for plaintiff-appellee.

Michael Feist, Steven E. Katzman, Belleville, Ill., Paul V. Esposito, Lewis, Overbeck & Furman, Chicago, Ill., William L. Gagen, Frederick J. Hess, Belleville, Ill., David E. Booth, Federal Public Defender, East St. Louis, Ill., for defendants-appellants.

Before SWYGERT and FAIRCHILD, Senior Circuit Judges, and SPRECHER, Circuit Judge.

SWYGERT, Senior Circuit Judge.

Defendants-appellants Napoleon Stewart, Gregory Williams, Gable Gibson, Kevin Anderson, and Kelvin Hastings allege a number of grounds for reversal of their convictions of three federal offenses: kidnapping in violation of 18 U.S.C. § 1201(a)(1); transporting a woman across state lines for immoral purposes in violation of the Mann Act, 18 U.S.C. § 2421; and conspiracy to commit the foregoing offenses in violation of 18 U.S.C. § 371. Only one of the grounds, prosecutorial misconduct, is of such magnitude as to require reversal. We shall treat that issue in this opinion. The remaining issues are being disposed of in an unpublished order filed simultaneously with this opinion.

I

About 2:00 a. m. on October 11, 1979, three women were passengers in a car driven by Randy Newcomb in East St. Louis, Illinois. Five men, later identified as the defendants, and riding in a turquoise Cadillac, forced Newcomb's car off the road. Two of the women were taken from the car, and one of them was raped at the scene in the presence of Newcomb. The women were then put into the Cadillac and taken to St. Louis, Missouri, where they were raped and subjected to deviant sex acts.

The women, upon being released from their captors about 6:00 a.m. on October 11, contacted the St. Louis police and furnished descriptions of the five subjects, the vehicle, and the locations of the sexual activity. Acting upon this information, the police located the residence of Napoleon Stewart. The police entered after receiving consent from Stewart's mother. They located Stewart in his home, and placed him under arrest; he later identified the other defendants and the vehicle. The police then arrested Williams, Gibson, Anderson, and Hastings; they also found and seized Williams's turquoise Cadillac. Each defendant was identified by one or more of the victims at lineups arranged by the police.

After a four-day trial, the jury returned guilty verdicts as to each defendant on all counts. The trial judge ordered prison sentences ranging from forty to fifty years. These appeals followed.

The issue that requires reversal relates to the assistant United States attorney's final argument to the jury. The de-

fendants contend that his remarks were so prejudicial as to deny them a fair trial. The alleged prejudice stems from the fact that the prosecution alluded to the failure of the defendants to deny raping and kidnapping the three women. The pertinent part of the summation appears in the margin.*

This court's statement in *United States v. Buege*, 578 F.2d 187 (7th Cir.), *cert. denied*, 439 U.S. 871, 99 S.Ct. 203, 58 L.Ed.2d 183 (1978), applies with full force to the prosecutorial remarks here:

> Direct reference by a prosecutor to a defendant's election not to testify at trial is clearly proscribed. *Griffin v. California*, 380 U.S. 609 [85 S.Ct. 1229, 14 L.Ed.2d 106] (1965). Indirect comments such as the prosecutor's references in this case to "uncontradicted testimony" constitute error when the statements are "manifestly intended to be or [are] of such a character that the jury [will] naturally and necessarily take [them] to be comment on the defendant's failure to testify." *United States v. Lyon*, 397 F.2d 505, 509 (7th Cir.), *cert. denied*, 393 U.S. 846 [89 S.Ct. 131, 21 L.Ed.2d 117] (1968). This court has previously held that when a prosecutor refers to testimony as uncontradicted where the defendant has elected not to testify and when he is the only person able to dispute the testimony, such reference necessarily focuses the jury's attention on the defendant's failure to testify and constitutes error. *United States v. Handman*, 447 F.2d 853, 855 (7th

Cir. 1971). *See United States v. Poole*, 379 F.2d 645, 649 (7th Cir. 1967).

578 F.2d at 188.

Only the five defendants and the three victims of the kidnapping and rapes were present when the crimes occurred (other than the rape at East St. Louis). The women testified that these events took place. Only the defendants could have disputed that testimony. It is difficult to imagine a more pointed allusion to the failure of the defendants to take the witness stand other than a direct reference to such failure. Equivocal interpretation is not possible.

As we recently said in *United States v. Rodriguez*, 627 F.2d 110, 113 (7th Cir. 1980): "The remarks, harmless or not, infringing upon such a basic and elementary constitutional underpinning of our justice system, simply should not occur." Despite the magnitude of the crimes committed and the clear evidence of guilt, an application of the doctrine of harmless error would impermissibly compromise the clear constitutional violation of the defendants' Fifth Amendment rights.

The convictions are reversed and the case is remanded for a new trial.

---

\* MR. HURSEY [prosecutor]: ... Let's look at the evidence the defendants put on here for you so that we can put that in perspective. I'm going to tell you what the defendants did not do. Defendants on cross-examination and—

MR. BOOTH [defense counsel]: I'll object to that, Your Honor. You're going to instruct to the contrary on that and the defendants don't have to put on any evidence.

MR. HURSEY: That's correct, Your Honor.

THE COURT: That's right, they don't. They don't have to.

MR. HURSEY: But if they do put on a case, the Government can comment on it. The defendants at no time ever challenged any of the rapes, whether or not that occurred, any of the sodomies. They didn't challenge the kidnapping, the fact that the girls were in East St. Louis and they were taken across to St. Louis. They never challenged the transportation of the victims from East St. Louis, Illinois to St. Louis, Missouri, and they never challenged the location or whereabouts of the defendants at all the relevant times. They want you to focus your attention on all of the events that were before all of the crucial events of that evening. They want to pull your focus away from the beginning of the incident in East St. Louis after they were bumped, and then the proceeding events. They want you to focus to the events prior to that.