**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Walter OGGOIAN, Defendant-Appellant.**

**No. 81–2368.**

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 8, 1982.

Decided May 11, 1982.

Rehearing and Rehearing En Banc
Denied Sept. 15, 1982.

672

William A. Barnett, Chicago, Ill., for defendant-appellant.

Geraldine Fehst, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellee.

Before SPRECHER and POSNER, Circuit Judges, and BONSAL,* Senior District Judge.

BONSAL, District Judge.

Appellant appeals from his conviction by a jury in the United States District Court for the Northern District of Illinois, Eastern Division, of wilfully and knowingly making, subscribing and filing false federal income tax returns for the years 1974, 1975 and 1976 (three counts) (26 U.S.C. § 7206(1)). On August 14, 1981, appellant was sentenced to concurrent one-year terms of imprisonment and a $5,000 fine on each of the three counts.

_____
* Senior District Judge Dudley B. Bonsal of the Southern District of New York is sitting by

In his appeal, appellant denies that he wilfully filed false tax returns and alleges as his primary contention that the jury was improperly charged on the issue of knowledge and intent.

We affirm.

During the years 1974, 1975 and 1976, appellant was Secretary-Treasurer and 50% owner of Pile Swimming Pool Sales, Inc. of Deerfield, Illinois. There is no issue that in each of these years he declared his lawful income from the swimming pool business. However, the jury found that he failed to declare substantial interest income in each of the three years, which totaled $58,893.85; and that in the year 1976 he reported only $30,000 in consulting fees when he had received $50,000 from F. L. Smith Machine Co., a business which he had sold and from which he had received consulting fees since at least 1972.

We find no merit in appellant's contention that the district court abused its discretion in requiring him to furnish handwriting exemplars two weeks before trial for the purpose of establishing that he had signed the returns and interest checks involved. In a recent tax fraud case, the Supreme Court held that handwriting exemplars are not testimonial evidence protected by the Fifth Amendment privilege against self-incrimination. *United States v. Euge*, 444 U.S. 707, 714, 100 S.Ct. 874, 879, 63 L.Ed.2d 141 (1980). Moreover, there was also additional independent proof that appellant signed the checks and returns, including his wife's testimony and a memorandum sent to the government representing that he had signed the returns. Nor do we find reversible error from the receiving in evidence of the testimony of IRS agent Pinta that at one point during an interview appellant refused to answer any further questions. Agent Pinta's testimony was but a small part of the evidence presented. The court gave appropriate instructions re-

designation.

garding the government's burden of proof, the presumption of appellant's innocence and that no inference could be drawn from appellant's silence. If Agent Pinta's testimony was error, it was harmless when viewed in the context of the trial as a whole. *See, e.g., United States v. Hansen,* 583 F.2d 325, 331–32 (7th Cir.), *cert. denied,* 439 U.S. 912, 99 S.Ct. 283, 58 L.Ed.2d 259 (1978) and *United States v. Buege,* 578 F.2d 187, 189 (7th Cir.), *cert. denied,* 439 U.S. 871, 99 S.Ct. 203, 58 L.Ed.2d 183 (1978).

A review of the record indicates that, despite his limited education, appellant is an able businessman who did not leave his financial arrangements to others. The unreported interest came from certificates of deposit, and the record establishes that appellant selected the institutions to which he made loans and that they were in large amounts. It appears that on August 17, 1973 he sold a certificate of deposit to Libertyville National Bank in the amount of $100,000, and on October 19, 1974, February 16, 1975, and April 17, 1975, to Deerfield State Bank, each certificate of deposit in the amount of $100,000. On September 15, 1975 he sold a certificate in the amount of $120,000 and on December 15, 1975 he sold another in the amount of $130,000, both to the Deerfield State Bank. In connection with his certificates of deposit he received interest monthly, the checks in most cases being personally endorsed by him. On September 30, 1975 he loaned $100,000 to DiPietro Plumbing Corporation in Deerfield, which was repaid on August 20, 1976. He made individual loans to James DiPietro and Genevieve DiPietro, who also paid interest to him monthly, most of the checks being endorsed by him. He negotiated certificates of deposit with the Bank of Ravenswood in Chicago, including a $100,000 certificate on October 19, 1973, and with the Lincoln National Bank in Chicago, including a $100,000 certificate of deposit on August 11, 1973. On all of these loans interest was paid monthly at his request and the checks in most cases were endorsed by him. His $100,000 certificate of deposit with the Lincoln National Bank was rolled over several times and appellant wrote personal letters

to "Dear Henry" requesting their renewal and that interest be mailed to him each month. With regard to the commissions from F. L. Smith Co., the record indicates that these commissions continued over a period of years and that in every prior year but one the payment had been in the amount of $50,000. Nevertheless, he failed to report $20,000 received in the year 1976.

■ As to the elements of the crimes charged, the district judge instructed the jury as follows:

"Now, to prove the charge that is contained in each of these three counts of the indictment, the government must establish each of four propositions beyond a reasonable doubt.

The first one is that the defendant made, or caused to be made, and that the defendant signed the federal tax return for the year in question, an income tax return.

The second element that has to be proved is that the tax return was false as to a material matter. That is, it contained an understatement of adjusted gross income.

Third, that when the defendant made, or caused to be made, and when the defendant signed the return he did so willfully and knowingly.

Fourth, that the return contained a written declaration that it was made under the penalty of perjury.

It is not enough for the government to prove simply that the tax return is erroneous. If you find from your consideration of all the evidence, that each of the four numbered propositions has been proved beyond a reasonable doubt as to any count of the indictment, then you should find the defendant guilty of that count.

If, on the other hand, you find from your consideration of all the evidence that any of those propositions has not been proved beyond a reasonable doubt as to any count of the indictment, then you should find the defendant not guilty as to that count."

Appellant contends that, under this charge, the jury could return a verdict of guilty even if they believed that he was unaware that the returns were false when he signed them. We disagree, finding that the charge as a whole covered the essential elements of the offenses, including knowledge of the appellant that the returns were false as to material matters.[1]

Elsewhere in his charge the district judge told the jury that inadvertent acts were not willful acts and that if appellant's accountant, Kearney, prepared a tax return which appellant filed without knowledge that it was false, they should find the appellant not guilty. The jury was also told that if appellant's wife, without his knowledge, submitted incomplete information to his accountant, from which the tax return was prepared, the appellant would have filed it without knowing it was false and should be found not guilty. The district judge charged the jury that an act is done wilfully if it is done voluntarily and intentionally with the purpose of avoiding a known legal duty, and that mere negligence, even gross negligence, was not sufficient to establish willfulness and that willfulness involved an intention that had to be proved by independent evidence. *See, e.g., United States v. Pomponio,* 429 U.S. 10, 12, 97 S.Ct. 22, 23, 50 L.Ed.2d 12 (1976); *United States v. Bishop,* 412 U.S. 346, 360, 93 S.Ct. 2008, 2017, 36 L.Ed.2d 941 (1973); *United States v. Moore,* 627 F.2d 830, 833 (7th Cir. 1980), *cert. denied,* 450 U.S. 916, 101 S.Ct. 1360, 67 L.Ed.2d 342 (1981); and *United States v. Falk,* 605 F.2d 1005, 1010 n.9 (7th Cir. 1979), *cert. denied,* 445 U.S. 903, 100 S.Ct. 1079, 63 L.Ed.2d 319 (1980). Finally, the district judge told the jury that when he used the word "knowingly," they must find that the appellant realized what he was doing and was aware of the nature of his conduct and did not act through ignorance, mistake, or accident.

 Taking the instructions as a whole, we think the jury was properly charged on the issue of knowledge and intent, and taking the evidence as a whole, we find that there was adequate evidence from which the jury could conclude that the appellant knowingly and wilfully filed false tax returns for the years 1974, 1975 and 1976.

AFFIRMED.

---

1. The pertinent part of 26 U.S.C. § 7206 provides:

"Any person who—

"(1) . . . Wilfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter;

. . .

. . . .

shall be guilty of a felony . . . ."