32 F.3d 570
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Albert HOLIDAY, Petitioner/Appellant,
v.
Jerry D. GILMORE, Respondent/Appellee.
 No. 93-2561.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 22, 1994.*
Decided Aug. 8, 1994.
 
 1
 Before RIPPLE and MANION, Circuit Judges, and ROBERT A. GRANT, District Judge**.
 
 ORDER
 
 2
 Albert Holiday appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. We affirm.
 
 
 3
 Holiday was convicted of murder, armed robbery, and aggravated battery following his armed robbery of a crowded dice game. People v. Holiday, 474 N.E.2d 1280 (Ill.App.1985). On direct appeal, Holiday challenged his conviction, arguing that he was not proven guilty beyond a reasonable doubt, and sentence, asserting that sentencing him to an extended term of imprisonment was improper.[1] The Illinois appellate court affirmed Holiday's conviction but vacated his sentence. After resentencing, Holiday once again appealed. While that appeal was pending, he filed a pro se petition for post-conviction relief. He argued that: (1) the prosecutor's remarks during closing argument were improper; (2) the trial judge erred in its evidentiary rulings; (3) the trial judge erred in precluding impeachment by omission of a state witness; and (4) trial counsel provided ineffective representation.[2] The petition ultimately was dismissed.
 
 
 4
 In his petition for habeas relief, Holiday raises the issue of prosecutorial misconduct during closing argument. The district court determined that he had procedurally defaulted this claim because he failed to raise it on direct appeal. This court may only reach the merits of Holiday's claim if he can show cause for and prejudice from this default. Holiday claims that his appellate counsel was ineffective for failing to raise trial counsel's ineffective assistance when trial counsel failed to preserve the issue of the prosecutorial misconduct. Therefore, he reasons that he has presented cause for his default. Holiday must also show prejudice from his default. For that determination, we look to the claim Holiday argues appellate counsel should have asserted: ineffective assistance of trial counsel.
 
 
 5
 To prevail on a claim of ineffective assistance of counsel, Holiday must show that trial counsel's performance was deficient and that this deficiency prejudiced him. Strickland v. Washington, 466 U.S. 668, 687 (1984); United States v. Levine, 5 F.3d 1100, 1108 (7th Cir.1993), cert. denied, 114 S.Ct. 1224 (1994). A petitioner can satisfy the performance prong of Strickland by identifying specific acts or omissions that fell outside the wide range of professionally competent assistance. Lilly v. Gilmore, 988 F.2d 783, 785 (7th Cir.), cert. denied, 114 S.Ct. 154 (1993). However, Holiday carries a heavy burden in overcoming the presumption that counsel rendered reasonably effective assistance. See, e.g., Strickland, 466 U.S. at 689; United States v. Moralez, 964 F.2d 677, 683 (7th Cir.), cert. denied, 113 S.Ct. 293 (1992). The prejudice prong focuses on whether counsel's deficient performance deprived the defendant of a fair trial. Lockhart v. Fretwell, 113 S.Ct. 838, 842 (1993) (citing Strickland, 466 U.S. at 687).
 
 
 6
 Essentially, an inquiry into trial counsel's performance and its effect on Holiday boils down to the merits of the prosecutorial misconduct claim. To find prosecutorial misconduct, the court must examine whether the prosecutor's comments were improper. If such a finding is made, the court must evaluate that remark in light of the entire trial and determine whether it deprived petitioner of a fair trial. United States v. Gonzalez, 933 F.2d 417, 430 (7th Cir.1991); see Darden v. Wainwright, 477 U.S. 168 (1986) (discussing factors guiding this inquiry). Holiday raises five areas of misconduct and each will be discussed in turn.
 
 A. Remarks Disparaging Defense Counsel
 
 7
 As petitioner notes, the district court addressed only four of his five claims of prosecutorial misconduct related to closing argument, finding each without merit. Holiday argues that during closing argument the prosecutor made remarks that disparaged defense counsel. Specifically, Holiday points to the prosecutor's statement "I think that attitude on the part of the defense is reprehensible." We conclude that this claim must fail.
 
 
 8
 In analyzing a claim of prosecutorial misconduct, the court must first determine whether the statements made by the prosecutor are improper. We look to five factors when weighing the propriety of a prosecutor's comment:
 
 
 9
 1) the nature and seriousness of the prosecutorial misconduct, 2) whether the prosecutor's statements were invited by conduct of defense counsel, 3) whether the trial court instructions to the jury were adequate, 4) whether the defense was able to counter the improper arguments through rebuttal, and 5) the weight of the evidence against the defendant.
 
 
 10
 United States v. Badger, 983 F.2d 1443, 1450-51 (7th Cir.), cert. denied, 113 S.Ct. 2391 (1993); see also United States v. Reid, 2 F.3d 1441 (7th Cir.1993), cert. denied, 114 S.Ct. 898 (1994). If the comment was improper, the court must look at the remarks in light of the entire record to determine if defendant was deprived of a fair trial. Badger, 983 F.2d at 1250-51; United States v. Goodapple, 958 F.2d 1402, 1409-10 (7th Cir.1992). Only prosecutor's comments that "so infected ... the trial with unfairness as to make the resulting conviction a denial of due process." Darden v. Wainwright, 477 U.S. 168, 181 (1986) (quoting Donnelly v. DeChristoforo, 416 U.S. 637 (1974)); see United States v. Pirovolos, 844 F.2d 415, 426 (7th Cir.), cert. denied, 488 U.S. 857 (1986). Even in cases of extreme misconduct, a reviewing court examines the entire record to determine whether the petitioner received a fair trial. United States v. Mazzone, 782 F.2d 757, 763 (7th Cir.), cert. denied, 479 U.S. 838 (1986).
 
 
 11
 Applying the standards enunciated in Badger, we conclude that this statement was not so disparaging as to prejudice Holiday. Holiday's counsel objected to the prosecutor's remark and the trial court immediately sustained the objection. The court instructed the jury that opening statements and closing arguments are not evidence. We have held that when a trial court promptly sustains an objection and instructs the jury as to what constitutes evidence, the defendant is not deprived of a fair trial. United States v. Jean, No. 93-1180, slip op. at 16 (7th Cir. June 2, 1994) (also pointing to the great weight of the evidence against the defendant); see United States v. Neely, 980 F.2d 1074 (7th Cir.1992) (the court presumes jury instructions are taken seriously). Further, as the district court observed, there was overwhelming evidence of Holiday's guilt.[3]
 
 B. Remarks to Inflame the Jury
 
 12
 Holiday claims that the prosecutor improperly inflamed the jury by remarking that "It[']s a miracle that some of the children who were there weren't shot ... this robbery turned into nearly a slaughter." The district court concluded that in light of the overwhelming evidence, these comments were insufficient to engender substantial prejudice. Further, the court noted that Holiday was acquitted of several charges, undercutting Holiday's claim of prejudice stemming from this comment. See United States v. Van Wyhe, 965 F.2d 528, 533 (7th Cir.1992) (strong evidence of guilt eases any lingering doubt that a remark unfairly prejudiced the jury); United States v. Gonzalez, 933 F.2d 417, 431-32 (7th Cir.1991) (finding that trial court's limiting instruction on opening statements and closing arguments sufficiently precluded a finding of an unfair trial and focused on the more than sufficient proof of defendant's guilt); United States v. Pirovolos, 844 F.2d 415, 427 (7th Cir.1988) (strong evidence of guilt eliminates any lingering doubts about remarks made in closing argument), cert. denied, 488 U.S. 857 (1988); see also United States v. Rose, 12 F.3d 1414 (7th Cir.1994) (concluding that juries heed instructions given that opening statements and closing arguments are not evidence); People v. Henderson, 568 N.E.2d 1234, 1265 (Ill.1990) (prosecutor's statements were improper and attempts to inflame the jury, but did not cause substantial injustice to defendant or deprive him of a fair trial because evidence of guilt was substantial), cert. denied, 112 S.Ct 233 (1991).
 
 
 13
 Here, there was more than sufficient evidence of Holiday's guilt: he was identified by several witnesses as the gunman who shot the victim and he earlier visited the dice game wearing the same clothes. The prosecution's comments, while questionable, do not substantially prejudice the defendant.
 
 C. Remarks that Misstate the Law
 
 14
 Holiday claims that the prosecutor misstated the law and the state's burden of proof. For example, during closing argument, the prosecutor stated "If you find Albert Holiday was one of those gunmen that entered Apt. 208, he's guilty of all the charges before you." Rec. at 698. Again the district court concluded that Holiday did not suffer substantial prejudice as a result of these comments given their fleeting nature as well as the overwhelming evidence against Holiday. Respondents further assert that the jury instructions, in which the court cautioned the jury that opening statements and closing arguments are not evidence, cured any alleged defect. As this court stated in United States v. Rose, 12 F.3d 1414 (7th Cir.1994), juries heed the instructions given. The jury was instructed as to the law to apply to this case and told that opening statements and closing arguments are not evidence. Any misstatement was cured and this argument must fail.
 
 
 15
 D. Remarks that Disparage the Theory of Defense
 
 
 16
 Holiday argues that the prosecution's comments on the theory of defense were improper: "The case is overwhelming. So, the defense has to grasp at whatever straws he could grasp at. The type of tactics that the defense used in what are commonly called a smokescreen.... Or camouflage."
 
 
 17
 Holiday cannot succeed in this argument because he cannot show that he was substantially prejudiced. See People v. Henderson, 568 N.E.2d 1234, 1265 (Ill.1990), cert. denied, 112 S.Ct. 233 (1991). Id. The district court points to People v. Kidd, 591 N.E.2d 431, 447 (Ill.1992) to show where such remarks would require reversal. Kidd involved an arson prosecution, and that court held that there was too literal a connection between the prosecution's comments about smokescreens and the facts of the case. Here, there was no such connection. Three references to a persuasive device were not so inflammatory as to constitute prejudice. See Lindgren v. Lane, 925 F.2d 198 (7th Cir.) (a single reference to defense's closing argument as tricks and illusion did not deprive petitioner of a fair trial), cert. denied sub nom., Lindgren v. McGinnis, 112 S.Ct. 105 (1991); see People v. Phillips, 538 N.E.2d 500 (Ill.1989) (defendant not unfairly prejudiced by statement that "[i]f they had a good defense, couldn't they have come up with something better than that?" made by prosecutor), cert. denied, 497 U.S. 1031 (1990).
 
 
 18
 The district court's footnote setting forth that Holiday is alleging a violation of Illinois law on this issue is misplaced. Habeas relief can be only be granted if his custody is in violation of federal law. Coleman v. Thompson, 501 U.S. 722 (1991). Holiday seems to argue that these comments denied him a fair trial as guaranteed by the United States Constitution, rather than a violation of Illinois law. But whether alleged as a violation of state or federal law, these comments did not deprive Holiday of a fair trial for the reasons detailed above.
 
 
 19
 E. Remarks that Draw Attention to the Defendant's Fifth
 
 Amendment Silence
 
 20
 During closing argument, the state referred to the testimony of the state's witnesses as being "unimpeached" and "unrebutted." Holiday claims that these remarks constituted improper comment on his decision not to testify at trial.
 
 
 21
 It is well settled that the Fifth Amendment prohibits a prosecutor from directly referring to a defendant's refusal to testify. Griffin v. California, 380 U.S. 609, 614 (1965). A prosecutor's comments may also violate the Fifth Amendment where the prosecutor indirectly refers to a defendant's silence by commenting on uncontradicted evidence when the defendant is the only person able to dispute the testimony. See United States ex rel. Freeman v. Lane, 962 F.2d 1252, 1260 (7th Cir.1992); United States v. Buege, 578 F.2d 187, 188 (7th Cir.), cert. denied, 439 U.S. 871 (1978); see also district court opinion n. 9. Looking to the remarks made during closing argument in context, Lindgren v. Lane, 925 F.2d 198, 204 & th Cir.), cert. denied sub nom., Lindgren v. McGinnis, 112 S.Ct. 105 (1991); United States ex rel. Lee v. Flannigan, 884 F.2d 945, 954 (7th Cir.1989), cert. denied, 497 U.S. 1027 (1990), the district court was correct in determining that this issue had no merit. The surviving victims' testimony as to the crime was unrebutted by the twenty plus witnesses who were present at the shooting. Therefore, defendant was not the only one who could rebut the testimony and the prosecutor's comment could be fairly read as a comment as to these witnesses' testimony. United States v. Martinez, 937 F.2d 299, 311 (7th Cir.1991) (evidence could be disputed by persons other that defendant); Kurina v. Thieret, 853 F.2d 1409 (7th Cir.1988) (comments that evidence was uncontradicted permitted where someone other than the defendant could have controverted it), cert. denied sub nom., Kurina v. Haws, 489 U.S. 1085 (1989). Thus trial counsel did not err in failing to raise the issue and appellate counsel was not ineffective for not raising it on appeal.[4]
 
 F. Conclusion
 
 22
 After reviewing the record and the district court's opinion, we conclude that Holiday was given a fair trial even taking all these arguments together. Therefore, we affirm the district court's judgment.
 
 
 23
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 **
 The Honorable Robert A. Grant, Judge for the United States District Court for the Northern District of Indiana, is sitting by designation
 
 
 [1]
 Holiday was represented by different counsel on appeal
 
 
 [2]
 In his motion for a new trial before the trial court, Holiday raised the issues of the prosecutor's remarks and impeachment
 
 
 [3]
 Holiday relies on United States v. De La Vega. 913 F.2d 861 (11th Cir.1990), cert. denied sub nom., Carballo v. United States, 500 U.S. 916 (1991). This case is inapplicable because this circuit applies the test set forth in Badger, 983 F.2d at 1450
 
 
 [4]
 The district court notes that comments like those at issue here are proper under Illinois law. See, e.g., People v. Barrow, 549 N.E.2d 240, 259 (Ill.1989), cert. denied, 497 U.S. 1011 (1990). See also 14 A.L.R.3d 723