**UNITED STATES of America, Appellee,**

v.

**Val Zenith JENKINS, Appellant.**

**No. 75–2282.**

United States Court of Appeals, Fourth Circuit.

Argued Sept. 14, 1976.

Decided Nov. 3, 1976.

Hazel A. Straub, Charleston, W. Va. [court-appointed counsel] for appellant.

H. Marshall Jarrett, Jr., Asst. U.S. Atty., Charelston, W. Va. (John A. Field, III, U.S. Atty., Wayne A. Rich, Jr., Asst. U.S. Atty., Charleston, W. Va., and Fred D. Clark, Third Year Law Student on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and WINTER and BUTZNER, Circuit Judges.

PER CURIAM:

Val Zenith Jenkins' major contention on this appeal from a judgment convicting him of possession and sale of counterfeit coins is that the United States Attorney violated his fifth amendment right against self incrimination by stating in the closing argument that the testimony of a witness, Jimmy James, was "uncontradicted." Jenkins argues that since he was the only one who could have contradicted the testimony, the remark was, in effect, an improper comment on his failure to testify.

If the remark about Jaems' testimony stood alone, Jenkins' contention might well have merit. *Cf. United States v. Flannery,* 451 F.2d 880 (1st Cir. 1971). The prosecutor's comment, however, must be considered along with the rest of his argument, which went on to point out that James' testimony was corroborated by other evidence. Read in context, the remark concerning the "uncontradicted" testimony was not "manifestly intended to be, [nor] was it of such

character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." *See United States v. Anderson*, 481 F.2d 685, 701 (4th Cir. 1973), *aff'd*, 417 U.S. 211, 94 S.Ct. 2253, 41 L.Ed.2d 20 (1974); *Newell v. Slayton*, 468 F.2d 888, 890 (4th Cir. 1972).

Furthermore, the failure of the defense counsel to object at trial, coupled with the judge's instruction that no inferences were to be drawn concerning the defendant's failure to testify, lead us to conclude that plain error was not committed.

*Affirmed.*

WINTER, Circuit Judge (dissenting):

I respectfully dissent because I think that the prosecutor's argument about the testimony of Jimmy James was "plain error," warranting reversal on the ground that Jenkins' fifth amendment rights were violated.

Under the proof offered by the government, the essential issue for determination by the jury was whether Jenkins knew that coins he possessed and sold were counterfeit. Aside from circumstantial evidence from which the jury could equally well conclude either that Jenkins knew or that Jenkins did not know, the only direct proof with respect to one of the transactions charged was James' evidence. He testified that, in his presence, Jenkins dropped a sample coin on the floor, compared its sound with that of a genuine coin and said that those coins that Jenkins was endeavoring to sell to James were "bad . . . no good." Jenkins did not testify nor did he offer other evidence to controvert James' testimony.

In his closing argument to the jury, the prosecutor dealt specifically with the issue of Jenkins' knowledge. The transcript reveals the following argument:

Mr. Asbury [defense counsel] wants a reply, I'm sure, on knowledge and intent. I will do my best to talk about it (indicat-ing). Roman numeral one will be Count One of the indictment.

I. How did the government prove the knowledge of the defendant and his willfulness? That when he transferred the three hundred counterfeit coins to Mr. Whisman that the defendant knew, the defendant knew those coins were counterfeit? It was done in several ways. First of all, the testimony of Jimmy James. I submit to you that Jimmy James was a vulnerable witness and *I submit to you that his credibility has not been touched. Not one witness has contradicted his testimony. His testimony is uncontradicted.* (Emphasis added.)

Jimmy James testified that before that date, as he recalled it around the same time, late February or early March, he was talking to the defendant. The defendant is the most vulnerable? No. The defendant the most guilty. Do you know what this defendant showed him? Two cloth bags full of counterfeit silver dollars, a paper bag with a few perfect ones or good replicas to be used, and then he started telling him about a big bunch of twenty dollar counterfeit bills.

The judge will tell you that that evidence of Jimmy James can be considered as to this defendant's knowledge, intent, willfulness. Jimmy James, quite frankly, buried this defendant in this defendant's illegal activities. Do we have this coin that this defendant gave Jimmy James? Yes, we do (indicating). There it is. It went to the wrestler; it went to Rick Wright. It is now in your hands as the jurors in this case as evidence.*

Since James testified about an occurrence only between him and Jenkins and Jenkins did not testify, the prosecutor's twice repeated argument that James was uncontradicted can only be read as a comment on Jenkins' failure to testify, even if the argument was made in the zeal of advocacy and not intended to constitute such a comment.

* Although the majority asserts that the prosecutor's comment must be considered in the context of his full argument, the rest of the prosecutor's closing argument went not to the credibility of James or to corroboration of James' testimony, but to other proof from which knowledge could be found.

*United States v. Williams,* 479 F.2d 1138 (4 Cir. 1973), cert. denied, 414 U.S. 1025, 94 S.Ct. 425, 38 L.Ed.2d 317 (1974). The general instruction about Jenkins' right not to testify did not cure the defect. *United States v. Handman,* 447 F.2d 853, 855 (7 Cir. 1970). I would reverse and grant a new trial on the authority of *Griffin v. California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965).