894 F.2d 403
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Buddy WILLIAMS, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ricky BRANDON, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lacount JONES, Defendant-Appellant.
 Nos. 89-5012, 89-5018 and 89-5030.
 United States Court of Appeals, Fourth Circuit.
 Argued: Oct. 5, 1989.
Decided: Dec. 14, 1989.
Rehearing Denied Jan. 5, 1990.
 
 Drewry Bacon Hutcheson, Jr. (Thomas Kass Berger, on brief), for appellants.
 Debra Sue Straus, Special Assistant United States Attorney (Henry E. Hudson, United States Attorney; Andrew S. Bennett, Special Assistant United States Attorney, on brief), for appellee.
 Before ERVIN, Chief Judge, SPROUSE, Circuit Judge, and JOHN A. MACKENZIE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Williams, Brandon, and Jones, inmates at Lorton, appeal their jury convictions of assault to do bodily harm on a fellow prisoner, Thomas. The essence of the appeal is that the prosecuting United States Attorney in final argument improperly commented on defendants' failure to testify at trial. Finding that the error, if any, was harmless, we affirm.
 
 Background
 
 2
 Thomas, an inmate at Lorton, was assaulted by the three defendants. The difficulty grew out of the exercise of Thomas' authority as telephone monitor in the prison dormitory. Thomas testified that as a concerted affair Brandon grabbed him, Williams stabbed him, and Jones struck him in the eye. Thomas was corroborated by two eyewitnesses, an inmate and a corrections officer. The defendants did not testify.
 
 
 3
 In her closing argument, the prosecutor said, "The defendants are first saying that they are not involved in this assault, and then they are saying there's self-defense." Defense counsel objected and a bench conference ensued. At the bench the prosecutor acknowledged that she had misspoken; that, in fact, she had meant to say defense counsel had so argued. The court sustained the objection and directed the prosecutor to correct her statement to the jury. Responding to the court's order the prosecutor returned before the jury and said, "If I may correct my argument here, there's been no testimony from the defendant in this case. Defense counsel has argued to you, they [sic] have argued...." Significantly, there was no objection to this correction.
 
 
 4
 In point of fact, prior to the United States Attorney addressing the issue, defense counsel (for Brandon) had already emphasized to the jury that the defendants had not testified by saying, "[A]ll three of us attorneys [defendants' attorneys] arrived ... intending to have our clients testify before you, but we got to the end of the government's case ... [and] we decided to rest and to rely on the inadequacies of the government's case...."
 
 
 5
 * Addressing first the claim that the prosecutor's corrective statement to the jury violated defendants' rights under the Fifth Amendment of the Constitution and 18 U.S.C. Sec. 3841, we note that no objection was made at trial and that this alleged error is raised for the first time on appeal. It is therefore subject to the plain error standard of review. We are not persuaded that the statement constitutes plain error. United States v. Knox Coal Co., 347 F.2d 33, 45-46 (3d Cir.1965) (no plain error found where no objection was made at trial; the jury was adequately instructed by the trial court; and the jury was otherwise made aware that defendants had not testified). The record in the case at bar reveals that the court properly instructed the jury that the defendants were not compelled to testify and that no presumption of guilt arose by virtue of their failure to testify.
 
 II
 
 6
 We turn next to the prosecutor's statement (to which objection was raised at trial) that "[t]he defendants are first saying that they are not involved in this assault, and then they are saying there's self-defense." As stated in United States v. Jenkins, 544 F.2d 180, 180-81 (4th Cir.1976), the prosecutor's comment would support reversal only if this court finds (1) that the prosecutor's manifest intention was to comment upon the defendants' failure to testify, or (2) that the comment was of "such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify."
 
 
 7
 Looking at the full content of the statement and the context in which it was made, we do not find the prosecutor's manifest intention was to comment upon the defendants' silence. See United States v. Forrest, 620 F.2d 446, 455-56 (5th Cir.1980). Here she attributed the oral argument made by defense counsel to the defendants themselves. As in Samuels v. United States, 398 F.2d 964, 968 (5th Cir.1968), where the prosecutor's remarks were held harmless, the comment here was directed to the argument of counsel and not to defendants' failure to testify. See also United States v. Chandler, 586 F.2d 593, 604 (5th Cir.1978). The reference was obviously aimed at the implausibility of the theories of defense, not at the defendants' failure to testify. United States v. Lavoie, 721 F.2d 407, 408 (1st Cir.1983).
 
 
 8
 Nor can we find that the comment of the prosecutor was of such character that the jury naturally and necessarily must have taken it as a comment on the failure of the defendants to testify. In crediting defendants with argument actually made by their counsel, the comment to the jury was obviously an inadvertent statement. United States v. Rochan, 563 F.2d 1246, 1249 (5th Cir.1977).
 
 
 9
 We find the error, if indeed there was any error, was totally harmless beyond a reasonable doubt. Chapman v. California, 386 U.S. 18 (1967).
 
 
 10
 AFFIRMED.