952 F.2d 398
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Stephen A. LUCION, Defendant-Appellant.
 No. 90-5360.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 29, 1991.
Decided Dec. 13, 1991.
As Amended Jan. 7, 1992.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. (CR-89-119-R), James C. Turk, Chief District Judge.
 Argued: Joel Hirschhorn, Joel Hirschhorn, P.A., Coral Gables, Fla., for appellant; Jean Martel Barrett, Assistant United States Attorney, Roanoke, Va., for appellee.
 On Brief: E. Montgomery Tucker, United States Attorney, Roanoke, Va., for appellee.
 W.D.Va.
 AFFIRMED.
 Before K.K. HALL and MURNAGHAN, Circuit Judges, and ALEXANDER HARVEY, II, Senior United States District Judge for the District of Maryland, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 The defendant, Stephen A. Lucion, was under a seven count indictment, charged in Count One with participating in the affairs of an enterprise through a pattern of racketeering activity in violation of the Racketeer Influenced and Corrupt Organization Act (RICO), 18 U.S.C. §§ 1961(1), (5) (1970), and in the other six counts with mail fraud. The jury found him guilty of Count One. He was also found guilty of three of the six counts of mail fraud. He was acquitted on the other three counts. Lucion has appealed from the judgment entered on the jury's verdict charging: (1) frequent and unduly prejudicial remarks by the district judge which denied him a fair and impartial trial; (2) a prejudicial comment in closing argument by the prosecution which was claimed by Lucion to violate his Fifth Amendment right against self-incrimination; and (3) an improper computation of the restitution order assessed against him.
 
 
 2
 The charges of frequent and unduly prejudicial interjection throughout the trial, and a predisposition to judgment on the district judge's part, have necessitated a thorough review of the record. As a consequence, we are convinced that the attempt to characterize the district judge's activities as unduly prejudicial or revealing predisposition must fail.
 
 
 3
 It is our conclusion that the district judge simply endeavored, in a complex trial involving ten days of testimony, to keep things progressing in an orderly fashion. He rephrased questions, and, in that connection, the judge's efforts were to minimize the effect of questioning which was incomprehensible, repetitive or irrelevant. He also perhaps appeared to Lucion's counsel somewhat peremptory in dealing with unwarranted objections. In sum, the case is one where, in assessing the validity of Lucion's counsel's complaints, reference is not amiss to the observation of the Scottish poet, Robert Burns: "oh wad some power the giftie gie us/to see ourselves as others see us!"* John Bartlett, Bartlett's Familiar Quotations 409 (1980).
 
 
 4
 On the claim that Lucion's right to remain silent was unfairly commented on, a review of the record reveals that the complained-of language by the prosecutor was "because not once have I heard any evidence in this courtroom that Mr. Lucion said to Mr. Kraft ... let's stop deceiving your fellow church members." It may be doubted that the remarks could be construed only as directed to the failure of Lucion, himself, to testify. Mr. Kraft was the other party to the conversation or conversations referred to. Elmer Kraft was present and testified. Moreover, in United States v. Jenkins, 544 F.2d 180, 181 (4th Cir.1976), the fact that the defendant was the only one who could have contradicted the testimony was not reversible error, though the government's closing argument stated that a witness in his evidence was "uncontradicted." Cf. United States v. Harris, 627 F.2d 474 (D.C.Cir.1980).
 
 
 5
 On the subject of exclusion of witnesses and the failure of the district judge to extend the requirement to relatives of witnesses, it suffices to point out that the rule runs only to witnesses themselves. Fed.R.Evid. 615. There was no evidence which would have compelled the court to conclude that coaching by relatives or other acquaintances of the sequestered witnesses was taking place, or was even probable.
 
 
 6
 As for the claim that, because some mail fraud counts resulted in acquittal the amount of restitution was improperly calculated, the fact is that the finding of guilty on the RICO count reached the racketeering acts to which the acquitted counts were also directed. Hence, they were "part of the loss caused by the specific conduct that is the basis of the offense of conviction." Hughey v. United States, --- U.S. ----, 110 S.Ct. 1979, 1981 (1990).
 
 
 7
 Accordingly, the judgment in all respects is
 
 
 8
 AFFIRMED.
 
 
 
 *
 Further relying on Burns, we find unconvincing upon objection the use of the word "scheme" to indicate that the district judge committed error, out of the presence of the jury, in alluding to Lucion's activities as "a scheme or a plan or something." In "the best laid schemes o' mice and men/gang aft a-gley," Bartlett, Bartlett's Familiar Quotations 408, Robert Burns did not intend to denigrate planning