UNITED STATES of America,
Plaintiff–Appellee,

v.

Hassan FRANCIS, Defendant–Appellant.

No. 95–5297.

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 7, 1995.

Decided April 23, 1996.

**ARGUED:** Gregory Bruce English, English & Smith, Alexandria, Virginia, for Appellant. Joan Maxine Silverstein, Office of the United States Attorney, Alexandria, Virginia, for Appellee. **ON BRIEF:** Helen F. Fahey, United States Attorney, Mary Kendall Adler, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Before MURNAGHAN, LUTTIG, and WILLIAMS, Circuit Judges.

Affirmed by published opinion. Judge LUTTIG wrote the opinion, in which Judge MURNAGHAN and Judge WILLIAMS joined.

## OPINION

LUTTIG, Circuit Judge:

The sole issue presented by this appeal is whether the prosecution's reference in closing argument to its "uncontradicted" evidence infringed defendant's Fifth Amendment right against self-incrimination. We hold that it did not, and therefore affirm defendant's conviction for assault.

### I.

Appellant, Hassan Francis, while he was incarcerated at the District of Columbia Department of Corrections Maximum Security Prison at Lorton, Virginia, was charged with assaulting Sergeant William Davis, a Corrections Officer at the prison. J.A. at 4. Sergeant Davis testified at trial that Francis

struck him through the bars of his cell after Davis refused Francis' request to make a phone call. J.A. at 9–10. Corporal Renyta Maddox, who also testified at trial, stated that she saw Francis knock Sergeant Davis' coffee out of his hand and slap him in the face. J.A. at 24. Defense counsel attempted to discredit both prosecution witnesses by highlighting inconsistencies between their respective testimony. J.A. at 17, 26. The defense then rested without calling any witnesses of its own.

During closing argument, the prosecution made the following statement:

> Francis hit Davis because Davis would not make an exception for a loud, boisterous and demanding prisoner. *The evidence is uncontradicted.* Let me take you through the steps.

J.A. at 31 (emphasis added). Defense counsel moved for a mistrial, claiming that the reference to uncontradicted evidence was "an oblique method of pointing out to the jury that [Francis] did not take the stand and testify in his own defense," a motion which the district court denied. *Id.* After the defense again highlighted the inconsistencies in the testimony of the two prosecution witnesses during its closing argument, Supp. J.A. at 52, the prosecution in rebuttal pointed out that the minor inconsistencies in the testimony did not amount to contradictions on the key issue of whether Francis had struck Sergeant Davis. J.A. at 35.

The court did not give a curative instruction following the prosecution's initial reference to the "uncontradicted" evidence, nor was one requested by the defense. The court did give the customary instruction regarding Francis' right not to testify and that no adverse inference could be drawn from the exercise of that right. Supp. J.A. at 47; Appellee's Br. at 7 n.2. The jury found Francis guilty, and he was sentenced to five years. Francis claims that the district court erred in denying his motion for a mistrial.

## II.

■ The right of a defendant in a criminal trial "to remain silent unless he chooses to speak in the unfettered exercise of his own will" is guaranteed by the Fifth Amendment. *Malloy v. Hogan,* 378 U.S. 1, 8, 84 S.Ct. 1489, 1493, 12 L.Ed.2d 653 (1964); U.S. Const. amend. V. The Constitution therefore "forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt." *Griffin v. California,* 380 U.S. 609, 615, 85 S.Ct. 1229, 1233, 14 L.Ed.2d 106 (1965). The rule we have consistently applied for ascertaining whether argument by the prosecution constitutes improper comment on a defendant's failure to testify was articulated in *United States v. Anderson,* 481 F.2d 685, 701 (4th Cir.1973), *aff'd* 417 U.S. 211, 94 S.Ct. 2253, 41 L.Ed.2d 20 (1974): "Was the language used manifestly intended to be, or was it of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify?" *See also United States v. Percy,* 765 F.2d 1199, 1204–05 (4th Cir.1985); *United States v. Whitehead,* 618 F.2d 523, 527 (4th Cir.1980); *United States v. Jenkins,* 544 F.2d 180, 180–81 (4th Cir.1976), *cert. denied,* 431 U.S. 931, 97 S.Ct. 2637, 53 L.Ed.2d 247 (1977).

■ There can be no credible argument that the prosecutor's statement in this case was "manifestly intended to be ... a comment on the failure of the accused to testify," *Anderson,* 481 F.2d at 701, considering, as we must, the context in which the comment was made. *See United States v. Robinson,* 485 U.S. 25, 33, 108 S.Ct. 864, 869, 99 L.Ed.2d 23 (1988) ("prosecutorial comment must be examined in context") (citing *Lockett v. Ohio,* 438 U.S. 586, 595, 98 S.Ct. 2954, 2959–60, 57 L.Ed.2d 973 (1978)). Indeed, the prosecutor's comment here was manifestly intended to refer not to the defendant's decision to remain silent, but, rather, to the inconsistencies in testimony between the two prosecution witnesses, which was alleged to exist by the defense—a fact confirmed by the prosecutor's subsequent rebuttal argument:

> I would say here you may have inconsistencies but we don't have contradictions.... [I]n weighing the effect of a discrepancy always consider whether it pertains to a matter of importance or to an insignificant detail and consider whether

the discrepancy results from an innocent error in memory or an intentional falsehood.

J.A. at 35.

Nor can there be any serious argument that the prosecutor's reference to "uncontradicted" evidence was "of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." *Anderson*, 481 F.2d at 701. We have, in fact, previously rejected Fifth Amendment challenges to prosecutorial comments nearly identical to the one at issue here. *See Percy*, 765 F.2d at 1204–05 (holding that prosecutor's reference to the "unrefuted and unrebutted" testimony did not run afoul of the *Anderson* test); *cf. United States v. Williams*, 479 F.2d 1138, 1140–41 (4th Cir.) (distinguishing claim that the government's evidence is "undenied," which "skirt[s] the precipice of reversible error," from permissible claim that it is "unrefuted" or "uncontroverted"), *cert. denied*, 414 U.S. 1025, 94 S.Ct. 452, 38 L.Ed.2d 317 (1973).

Relying on our opinion in *Jenkins*, 544 F.2d at 181, Francis argues that *Percy* should not apply in circumstances where the defendant is the only person who could have refuted or rebutted the prosecution's evidence. While in *Jenkins* we did suggest that a prosecutorial reference to "uncontradicted" evidence in circumstances where the only person who could possibly contradict the testimony was the nontestifying defendant "might well" implicate the right against self-incrimination, *Jenkins*, 544 F.2d at 180, this suggestion was only *dictum*. And, at that, the *dictum* was foreclosed by our holding in the case. As the dissent noted, the testimony that the prosecutor claimed was "uncontradicted" was "about an occurrence only between [the witness] and [the defendant,] and [the defendant] did not testify...." *Id.* at 181 (Winter, J., dissenting).*

In *Griffin*, the prosecution repeatedly and directly referred to the defendant's failure to testify, and the trial court specifically instructed the jury, pursuant to California law,

that it could take "into consideration" the defendant's failure to testify "as tending to indicate the truth of ... evidence [offered against him and within his knowledge] and as indicating that among the inferences that may be reasonably drawn therefrom those unfavorable to the defendant are the more probable." 380 U.S. at 610, 85 S.Ct. at 1230. In stark contrast, the comments in this case in no way invited the jury to draw an "inference of guilt" against the defendant. *See id.* at 614, 85 S.Ct. at 1233; *see also Robinson*, 485 U.S. at 32, 108 S.Ct. at 869 (distinguishing *Griffin* because "the prosecutorial comment [at issue in the case] did not treat the defendant's silence as substantive evidence of guilt"). Extending *Griffin* to reach a comment such as that made here would, we believe, run afoul of the Supreme Court's admonition in *Robinson* against "giv[ing] *Griffin* ... a broad reading." 485 U.S. at 31, 108 S.Ct. at 868.

Accordingly, the judgment of the district court is affirmed.

*AFFIRMED.*

---

* Francis could not avail himself of the *Jenkins dictum* in any event, since, on the record before us, it is clear that Francis was not the only person who could have contradicted the testimony of Sergeant Davis; Corporal Maddox also testified as a witness to Francis' assault against Sergeant Davis.