**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 97-4586

KEVIN PARHAM,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, District Judge.
(CR-96-459-S)

Submitted: April 14, 1998

Decided: May 15, 1998

Before MURNAGHAN and MICHAEL, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Clarke F. Ahlers, Columbia, Maryland, for Appellant. Lynne A. Bat-
taglia, United States Attorney, James G. Warwick, Assistant United
States Attorney, Andrew G.W. Norman, Assistant United States
Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Kevin Parham seeks review of his jury convictions for conspiracy to commit bank robbery in violation of 18 U.S.C.A.§ 371 (West 1994 & Supp. 1997), bank robbery in violation of 18 U.S.C.A. § 2113(a), (f) (West 1994 & Supp. 1997), and using and carrying a firearm in the commission of a crime of violence in violation of 18 U.S.C.A. § 924(c) (West Supp. 1997). He was sentenced to 240 months' imprisonment. On appeal, Parham alleges prosecutorial misconduct and contends that the district court abused its discretion when it denied a defense request for a mistrial, that the district court abused its discretion when it denied a defense request for a continuance, and that he received ineffective assistance of counsel. Finding no reversible error, we affirm.

The evidence at trial demonstrated that Parham and Reginald Nelson entered Nations Bank, a bank insured by the Federal Deposit Insurance Corporation, each armed with a shotgun. Nelson vaulted the counter, while Parham stood guard at the front of the bank near the manager's office. Nelson emptied the money from the tellers' drawers and removed a money clip which set off the bank alarm. Thereafter the two were seen fleeing from the bank by a witness.

The witness notified the police of the robbery and provided the police with the license plate number of the getaway vehicle and a description of the suspects. The license plate number was traced back to the residence of Nelson's girlfriend, Marilyn Kellum. At trial Kellum testified that the night before the robbery, Kellum drove Nelson to Parham's grandmother's house for a brief meeting. She further testified that on the day of the robbery she and Nelson picked up Parham and the three drove back to Kellum's residence. After the three arrived at her residence, Nelson and Parham borrowed her vehicle. Kellum then testified that while she was sleeping she heard Nelson

2

and Parham return with her vehicle, run into the house, and slam the back door. Thereafter, she heard a helicopter and police outside and heard Nelson tell Parham to stop hiding the money.

When police arrived at Kellum's residence they located the get-away vehicle parked behind her house. Hostage negotiator Gentry testified that during negotiations he spoke with a man inside Kellum's residence who identified himself as Kevin Parham. After a brief stand-off, Kellum, Nelson, and Parham surrendered and exited the house.

During a search of the getaway vehicle the police recovered a dye-stained police radio scanner, a loaded shotgun, a black neoprene mask, a right-handed dye-stained glove, Parham's white sneakers that the bank manager testified looked "just like the shoes" the robber standing guard was wearing, and other articles of clothing worn by the bank robbers. Inside Kellum's residence the police recovered dye-stained pillow cases and a total of $75,000, some of which was dye-stained.

Nelson and Parham were charged with conspiracy to commit bank robbery, bank robbery, and use and carrying of a firearm in the commission of a crime of violence. Nelson entered a plea of guilty while Parham entered a plea of not guilty. At the end of Parham's first trial the jury was deadlocked and the court declared a mistrial. After Parham's second trial, a jury found him guilty on all counts.

I

Parham claims that his Sixth Amendment right to effective assistance of counsel was violated because the prosecutor made disparaging remarks about defense counsel during his rebuttal closing argument. In essence, Parham asserts that the prosecutor's statements amounted to prosecutorial misconduct because the prosecutor attempted to discredit defense counsel by suggesting to the jurors that he had deceived or misled them with his remarks.

We will analyze this claim as a due process argument and determine whether Parham has shown that the prosecutor's remarks were

3

improper and that they prejudicially affected his substantial rights so as to deprive him of a fair trial. See United States v. Wilson, 135 F.3d 291, 297 (4th Cir. 1998). We find that the challenged statements do not rise to this level.

When recounting Parham's grandmother's testimony for the prosecution, the prosecutor said that he had been waiting for defense counsel to attack the grandmother's credibility. We fail to see how this comment conveyed to the jury that defense counsel enjoyed a reputation for forensic misconduct, as Parham claims. We find no improper comment nor the requisite prejudice.

Parham begins explaining his second allegation of prosecutorial misconduct by attacking a comment made by the prosecutor that there had been no other explanation given for why Parham was in Kellum's home with Nelson, implying that he was there because he and Nelson had just robbed the bank together. We agree with the district court that this comment was not intended to be and would not be viewed by the jurors as a comment on Parham's failure to testify. See United States v. Francis, 82 F.3d 77, 78-79 (4th Cir.), cert. denied, 64 U.S.L.W. 3821 (U.S. June 10, 1996) (No. 95-8956); see also United States v. Whitehead, 618 F.2d 523, 527 (4th Cir. 1980).

Parham concludes his explanation of the second ground by discussing the prosecutor's argument regarding anticipated defense conduct. However, Parham failed to object to this comment at trial and we find no plain error or resulting prejudice from it.

Parham next cites the prosecutor's remarks regarding general institutional conduct of the defense bar in cases where there is little physical evidence linking the defendant to the crime. We agree with the district court that this was fair argument.

Finally, Parham points to his objection to the prosecutor's comment that defense counsel had hinted that Kellum had something to do with the robbery and that she was lying to the jury. The trial judge immediately told the jury that he doubted whether the prosecutor's recollection was accurate but that it was up to the jurors to decide for themselves what had happened. After reviewing defense counsel's argument on this point (J.A. 110-11), we understand why the prosecu-

4

tor was left with this impression and find that his comment was not improper. Moreover, the court's curative instructions eliminated any possible prejudice. See United States v. Harrison, 716 F.2d 1050, 1053 (4th Cir. 1983).

II

Parham contends that the trial court erroneously denied his request for a mistrial following impermissible testimony of a prosecution witness. At trial, hostage negotiator Gentry testified concerning the identity of the parties inside Kellum's residence immediately following the bank robbery and those who exited the residence after the stand-off. After the prosecutor asked Gentry if he had spoken with anybody who came out of the residence, Gentry stated that he had spoken with Nelson, who upon arrest proclaimed that he was a"victim of society." Following defense counsel's objection, the court ruled that the statement was inappropriate and admonished the jury to disregard the witness's statement. Because of this allegedly inappropriate comment, Parham asserts that the court should have granted his motion for a mistrial.

We review a trial judge's decision to deny a mistrial motion for abuse of discretion. See United States v. Kennedy, 32 F.3d 876, 884-85 (4th Cir. 1994). A review of the record discloses that the court did not abuse its discretion in denying Parham's motion for a mistrial. Because there was nothing in this brief statement directly implicating or referencing Parham, he was not prejudiced. See generally United States v. Locklear, 24 F.3d 641, 646 (4th Cir. 1994). Furthermore, the judge immediately instructed the jury to disregard this statement, thereby curing any possible prejudice. See Harrison, 716 F.2d at 1053.

III

At the beginning of the second trial Parham requested a continuance so he could obtain and review a transcript of the first trial. Parham now argues that the court erroneously denied his request. The district court's denial of a continuance is reviewed for abuse of discretion. United States v. Bakker, 925 F.2d 728, 735 (4th Cir. 1991). The court's decision is reversible only if it is prejudicial. See id.

5

Parham suggests that the court's ruling was unreasonable and arbitrary without explaining how it prejudiced him. However, Parham was granted access to expedited transcripts of testimony from the first trial which were used to cross-examine and impeach prosecution witnesses at the second trial. Because Parham does not show any prejudice, we find that the court did not abuse its discretion. See id.

IV

Parham alleges that trial counsel deliberately "threw the case" and attempted to have him convicted. A claim of ineffective assistance of counsel is not reviewable on direct appeal unless it"conclusively appears" from the record that defense counsel did not provide effective representation. United States v. Matzkin , 14 F.3d 1014, 1017 (4th Cir. 1994). The record does not reveal that trial counsel was ineffective. In fact, the record contains several instances where the court praised Parham's attorney. Because the record in this case does not conclusively demonstrate ineffective assistance of counsel, we decline to address this issue on direct appeal. See id.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid in the decisional process.

AFFIRMED

6