**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4457**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

MONIQUE MINOR HUNTER,

    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Robert G. Doumar, Senior District Judge.  (4:10-cr-00074-RGD-DEM-4)

Submitted: January 30, 2012     Decided: February 9, 2012

Before KING, GREGORY, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Maureen Leigh White, Richmond, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, Laura P. Tayman, Assistant United States Attorney, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Monique Minor Hunter was convicted by a jury of conspiracy to distribute and possess with intent to distribute more than 100 grams but less than 1 kilogram of heroin, in violation of 21 U.S.C. § 846 (2006); distribution and/or aiding and abetting the distribution of heroin, in violation of 21 U.S.C. § 841(a)(1) (2006), and 18 U.S.C. § 2 (2006); possession with intent to distribute eighty-two grams of heroin, in violation of 21 U.S.C. § 841(a)(1); maintaining a drug-involved premise, in violation of 21 U.S.C. § 856(a)(2) (2006), and 18 U.S.C. § 2; and two counts of use of a communication facility to facilitate a felony drug offense, in violation of 21 U.S.C. § 843(b) (2006). The district court sentenced Hunter to sixty-nine months' imprisonment. On appeal, Hunter challenges the sufficiency of the evidence and argues that the district court erred in denying her motions for a mistrial and for a new trial based on the prosecutor's comment on her failure to testify. We affirm.

We review de novo a district court's denial of a motion for judgment of acquittal. United States v. Hickman, 626 F.3d 756, 762 (4th Cir. 2010), cert. denied, 132 S. Ct. 469 (2011). We must "sustain a guilty verdict that, viewing the evidence in the light most favorable to the prosecution, is supported by substantial evidence." United States v. Osborne,

2

514 F.3d 377, 385 (4th Cir. 2008) (internal quotation marks omitted). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). The defendant's burden is a heavy one, and reversal is proper only in "the rare case 'where the prosecution's failure is clear.'" United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (quoting Burks v. United States, 437 U.S. 1, 17 (1978)).

Much of Hunter's challenge to the sufficiency of the evidence attacks the credibility of the witnesses. However, in evaluating the sufficiency of evidence, we will not review the credibility of witnesses, and we must assume the jury resolved all contradicting testimony in the light most favorable to the Government. United States v. Foster, 507 F.3d 233, 245 (4th Cir. 2007). Hunter also asserts that there was no explicit reference to her involvement with drugs in the telephone calls and text messages presented at trial. Our review of the record leads us to conclude that the evidence was sufficient for the jury to conclude beyond a reasonable doubt that Hunter was guilty of conspiracy to distribute and possess with intent to distribute heroin, see United States v. Green, 599 F.3d 360, 367 (4th Cir.) (stating elements of offense), cert. denied, 131 S.

3

Ct. 271 (2010); aiding and abetting the distribution of heroin, see United States v. Yearwood, 518 F.3d 220, 227 (4th Cir. 2008); Burgos, 94 F.3d at 873; possessing with intent to distribute heroin, see United States v. Collins, 412 F.3d 515, 519 (4th Cir. 2005); maintaining a drug-involved premise, see 21 U.S.C. § 856(a)(2); and using a communication facility to facilitate a felony drug offense, see 21 U.S.C. § 843(b); United States v. Lozano, 839 F.2d 1020, 1023 (4th Cir. 1988). Thus, we conclude that the district court did not err in denying Hunter's motion for judgment of acquittal.

Turning to Hunter's second argument, a claim of prosecutorial misconduct warrants reversal only if the reviewing court determines the comment (1) was improper and (2) "so prejudicially affected the defendant's substantial rights as to deprive [her] of a fair trial." United States v. Jones, 471 F.3d 535, 542 (4th Cir. 2006). A prosecutor's statement does not amount to an improper comment on a defendant's refusal to testify unless, in context, the offending language was "manifestly intended to be, or [was] . . . of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." Id. Relevant to this inquiry is whether "the comment[] . . . invited the jury to draw an 'inference of guilt' against the defendant."

4

United States v. Francis, 82 F.3d 77, 79 (4th Cir. 1996) (quoting Griffin v. California, 380 U.S. 609, 614 (1965)).

After reviewing the transcript and reviewing the prosecutor's comment in context, we conclude without difficulty that the comment does not warrant reversal because it was a factual clarification of the prosecutor's prior misstatement. See Jones, 471 F.3d at 542. Moreover, even if improper, we conclude that the comment did not affect Hunter's substantial rights and constituted harmless error. See United States v. Hasting, 461 U.S. 499, 507-10 (1983) (providing standard); United States v. Wilson, 135 F.3d 291, 299 (4th Cir. 1998).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED